UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT ALDRICH,
                 Plaintiff,

v.                                           CIVIL ACTION NO.
                                           06-10950-GAO

TOWN OF BROOKLINE, ET AL.,
                 Defendants.

ORDER

O'TOOLE, D.J.

On June 15, 2006, former District Judge Nancy Gertner assessed Plaintiff Robert

Aldrich's ("Aldrich") filing fee obligations for this civil action pursuant to 28 U.S.C.

§ 1915(b)(2). Aldrich was obligated to make monthly payments of 20 percent of the preceding

month's income credited to the prisoner's account until the statutory filing fee of $ 350.00 has

been paid in full. See Memorandum and Order (Docket No. 6). On March 17, 2010, Judgment

entered for the Defendants and this case was closed in the District Court.

Thereafter, on May 13, 2013, Aldrich filed a "Motion Requesting Return of Funds

Accidentally Submitted as Filing Fees" (Docket No. 114). In view of this motion, this case was

randomly reassigned to the undersigned.

In his motion, Aldrich seeks the return of $114.75 that the Treasurer's Office erroneously

paid to the Court. He contends this was in excess of the filing fees already paid in this action,

and seeks an Order from this Court to notify the Treasurer's Office at MCI Shirley to discontinue

any further payments regarding this case. In support, he attaches an Inmate Disbursement

Receipt indicating payment of $66.75 on February 4, 2013, and a payment of $23.00 on March 1,

2013, a payment of $25.00 on April 1, 2013.

Notably, in addition to the filing fee obligations imposed in this action, Aldrich is obligated to pay filing fees in a number of civil actions (excluding appellate filing fees or other actions in which a fee has not been assessed), pursuant to 28 U.S.C. § 1915(b).  See Aldrich v. Sanfilippo, et al., Civil Action No. 06-10717-NMG (filing fee assessed May 4, 2006); Aldrich v. Breen, et al., Civil Action No. 09-10352-WGY (filing fee assessed May 5, 2009); Aldrich v. Herb Chambers, Inc., et al, Civil Action No. 09-11135-NMG (filing fee assessed October 8, 2009); Aldrich v. Town of Milton, et al., Civil Action No. 09-11282-WGY (filing fee assessed September 25, 2009); Aldrich v. DiPaola, et al., Civil Action No. 09-11513-EFH (filing fee assessed February 8, 2010); Aldrich v. City of Cambridge et al., Civil Action No. 12-12273-RGS (filing fee assessed January 4, 2013). [1]

A check with the records in the Clerk's Office Accounting Department indicate that $114.75 was credited to the instant action, but that is the only payment credited in this action.[2]

---

[1]Additionally, Aldrich has other actions in which no filing fee was due or assessed at this time.

[2]The records of the Clerk's Office Accounting Department indicate that other payments have been sent by the Treasurer's Office on behalf of Aldrich, and have been credited toward the filing fee assessed in other cases. A summary of payments by Aldrich is as follows.  In this action, Aldrich paid $114.75 toward the $350.00 filing fee.  He has not paid anything toward the appellate filing fee for the appeal of this case.  In Aldrich v. Sanfilippo, et al., Civil Action No. 06-10717-NMG, Aldrich has paid $55.00 and owes $294.45.  In Aldrich v. Breen, et al., Civil Action No. 09-10352-WGY, Aldrich has paid the $350.00 filing fee.  In Aldrich v. Herb Chambers, Inc., et al, Civil Action No. 09-11135-NMG, Aldrich has not paid anything toward the filing fee and owes $350.00.   In Aldrich v. Town of Milton, et al., Civil Action No. 09-11282-WGY, Aldrich has paid $343.20; he owes $6.80.  In Aldrich v. DiPaola, et al., Civil Action No. 09-11513-EFH, Aldrich has paid $10.05 toward the filing fee; $339.95 is due. Finally, in Aldrich v. City of Cambridge et al., Civil Action No. 12-12273-RGS , Aldrich has not paid any monies toward the $350.00 filing fee.  Apparently, the funds were credited toward these other cases in the manner they have because the Treasurer's Office had designated other docket numbers on the checks sent into the Court.

Accordingly, this Court cannot find that Aldrich has overpaid his filing fee obligations in that action.  As an additional matter, Aldrich has not demonstrated good cause for this Court to intervene in the business of the Treasurer's Office at MCI Norfolk with regard to how it makes payments to this Court, where he has not shown that he has exhausted his administrative remedies in this regard.

For Aldrich's convenience, the clerk shall send him a Clerk's Office printout of all payments credited to him in connection with his civil cases.

In light of the above, Aldrich's  "Motion Requesting Return of Funds Accidentally Submitted as Filing Fees" (Docket No. 114) is DENIED.


SO ORDERED.

                                              /s/ George A. O'Toole, Jr.
                                              GEORGE A. O'TOOLE, JR.
                                              UNITED STATES DISTRICT JUDGE
DATED: June 21, 2013